

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00195-CR

Wilfredo **MONTEMAYOR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR1274A
Honorable Ron Rangel, Judge Presiding

Opinion by:     H. Todd McCray, Justice

Sitting:        Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice
                H. Todd McCray, Justice

Delivered and Filed: March 26, 2025

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant Wilfredo Montemayor was charged with one count of attempted capital murder against a public servant and one count of aggravated assault against a public servant. Tex. Penal Code §§ 15.01, 19.03(a)(1); *id*. § 22.02(b)(2)(B). A jury trial commenced on February 15, 2024. Montemayor pled guilty to aggravated assault against a public servant (Count II) in open court before the jury and the State waived the attempted capital murder charge (Count I). The jury trial proceeded with the punishment phase during which multiple State and defense witnesses testified

and multiple exhibits were admitted. The jury was instructed to find Montemayor guilty of aggravated assault against a public servant based on his guilty plea and it returned a guilty verdict. As to punishment, the jury recommended a term of 70 years' imprisonment and no fine. The trial court followed the jury's recommendation and sentenced Montemayor to 70 years in prison, with no fine. Montemayor appealed. His court-appointed appellate counsel filed an *Anders* brief, and the State filed a brief waiver.

### COURT-APPOINTED COUNSEL'S ANDERS BRIEF

Montemayor's court-appointed appellate counsel's brief contained a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. The brief recited the relevant facts with citations to the record. The brief presented a thorough review of the appellate record and a careful analysis of potential appellate issues. Counsel concluded, "there are no potentially meritorious points on appeal." *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

Appellate counsel's brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Montemayor with a copy of the brief and counsel's motion to withdraw, and he informed Montemayor of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85-86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel also provided Montemayor with a draft pro se motion to request a free copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Montemayor did not request a copy of the record nor file a pro se brief.

## CONCLUSION

In addition to reviewing the *Anders* brief, we have thoroughly and independently reviewed the entire record including, but not limited to, the indictment, pretrial motions, jury selection, defendant's plea, all evidence admitted at trial, the trial court's rulings on trial objections and motions, the jury charge, the punishment proceedings, and the sentence imposed. We conclude that (1) no reversible error exists in the record, (2) there are no meritorious arguable grounds for review, and (3) therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court, not counsel, determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether any meritorious arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Because we conclude the appeal is without merit, we affirm the trial court's judgment and grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85-86; *Bruns*, 924 S.W.2d at 177 n.1.

## FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing himself *pro se*, Montemayor may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2, 68.3. Any petition for discretionary review must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

H. Todd McCray, Justice

DO NOT PUBLISH